| | |
|---|---|
| **ASTRO RANSOM and** | ) |
| **JAMES RUSH, individually and on** | ) |
| **behalf of others similarly situated,** | ) **CASE NO: 1:17-CV-386** |
| | ) |
| **Plaintiff,** | ) |
| | ) **CLASS ACTION** |
| **v.** | ) |
| | ) |
| **DELCAR, INC. d/b/a ROCK TRANSPORT** | ) **COLLECTIVE ACTION PURSUANT** |
| | ) **TO 29 U.S.C. §216(B)** |
| **Defendant.** | ) |

## COMPLAINT

Plaintiffs Astro Ransom ("Ransom") and James Rush ("Rush")(together "Plaintiffs"), on behalf of themselves and all other persons similarly situated, known and unknown, through their attorneys and for their Complaint against Delcar, Inc. d/b/a Rock Transport ("Defendant" or "Rock Transport"), state as follows:

**NATURE OF PLAINTIFFS' CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*, and Indiana state law for Defendant's failure to pay Plaintiffs and other similarly situated employees overtime and regular wages.

2. Plaintiffs plead their FLSA claim as a collective action under Section 216(b) of the FLSA.

3. Rush, individually and on behalf of all other similarly situated employees, by and through his counsel, brings a class action against Defendant pursuant to the Federal Rules of Civil Procedure Rule 23 for violation of the Indiana Wage Payment Statute, I.C. § 22-2-5-1 *et seq.* and the Indiana Wage Deductions Statute, I.C. §22-2-6-1

*et seq.*

4.     Ransom brings an individual claim against Defendant for violation of the

Indiana Wage Claim Statute, I.C. § 22-2-9-1 *et seq.* and the Indiana Wage Deductions

Statute, I.C. §22-2-6-1 *et seq.*

5.     Plaintiffs and other similarly situated persons are current and former

employees of Defendant who drove dump trucks on local daily runs out of Defendant's

Indianapolis, Indiana facility and were paid pursuant to the same pay scheme at issue in

this case.

**THE PARTIES**

6.     At all relevant times hereto, Ransom resided in and was domiciled in

Marion County, Indiana.

7.     At all relevant times hereto, Rush resided in and was domiciled in Hamilton

County, Indiana.

8.     Defendant is an Indiana corporation with its principal place of business

located at 10101 North Gray Road, Indianapolis, Indiana, within this judicial district.

9.     Ransom was employed by Defendant as a dump truck driver during the

three-year period immediately preceding the filing of this action.

10.     Rush was employed by Defendant as a dump truck driver during the

three-year period immediately preceding the filing of this action.

11.     At all times relevant hereto, Plaintiffs and other similarly situated

individuals who drove dump trucks were Defendant's "employees" pursuant to the FLSA,

29 U.S.C. § 203(e)(1).

12.     At all times relevant hereto, Defendant was the "employer" of Plaintiffs and other similarly situated individuals who drove dump trucks, as defined by the FLSA, 29 U.S.C. § 203(d).

13.     During the course of Plaintiffs' employment by Defendant, Plaintiffs were not exempt from the overtime wage provisions of the FLSA.

14.     Other similarly situated drivers who worked for Defendant were not exempt from the overtime wage provisions of the FLSA.

15.     Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1).

16.     Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

17.     Defendant's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes, within each of the last three (3) years.

**JURISDICTION AND VENUE**

18.     This Court has jurisdiction over Plaintiffs' FLSA claim, which arises under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the Plaintiffs' Indiana state law claims pursuant to 28 U.S.C. §1367.

19.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

**FACTUAL BACKGROUND**

20.     Plaintiffs and other similarly situated individuals who drove dump trucks for Defendant were employed by Defendant in the job position "Driver."

21.     Plaintiffs, as well as all current and former Drivers (or their functional

equivalents), are not, and were not, compensated for all of their compensable pre-shift work, post-shift work and time worked within a continuous workday.

22.     Plaintiffs, as well as all current and former Drivers (or their functional equivalents) are also required to take an unpaid meal break of at least 15-minutes up to 30-minutes every day.

23.     Plaintiffs, as well as all current and former Drivers (or their functional equivalents), are not, and were not, paid overtime for all hours worked over 40 in a workweek as mandated by the FLSA.

24.     Defendant paid Plaintiffs a percentage of the revenue generated from each load they delivered.

25.     Defendant paid other similarly situated Drivers a percentage of the revenue generated from each load they delivered.

26.     Defendants did not properly track all hours worked by Plaintiffs and similarly situated drivers.

27.     On scheduled work days, Drivers were required to report to the lot in the morning and wait as long as two hours before being given a load or, in the alternative, being told they would be given no loads for that day.   Though Defendant promised Plaintiffs they would be paid an hourly rate for this time, Plaintiffs were not paid for all these hours worked or "hold time".

28.     During their employment by Defendant, Plaintiffs worked more than forty (40) hours in one or more individual work weeks.

29.     Defendant failed to pay Plaintiffs overtime wages as required by the FLSA for all hours worked in excess of forty (40) hours in individual work weeks.

30.     During the prior three years, Defendant employed other similarly situated Drivers who worked more than forty (40) hours during one or more individual work weeks.

31.     Defendant has failed to pay other similarly situated Drivers overtime wages as required by the FLSA for all hours worked in excess of forty (40) hours in individual work weeks.

32.     At all relevant times, Defendant had a policy and practice of deducting a "fuel surcharge" from the earned wages of Plaintiffs and other similarly situated Drivers.

33.     At all relevant times, Defendant had a policy and practice of making deductions from Plaintiffs and other similarly situated Drivers' earned wages to cover purported damage to company property.

34.     Upon the termination of his employment, Defendant failed to pay Ransom all his earned wages and refused to pay Ransom his final paycheck.

35.     Defendant made deductions from the pay of Ransom for purported damages to Defendant's property.

36.     On August 15, 2016, Ransom filed a wage claim with the Indiana Department of Labor.   On August 17, 2016, the Indiana Office of the Attorney General referred Ransom's wage claim to the undersigned counsel for prosecution.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

37.     Ransom and Rush, on behalf of themselves and on behalf of all other similarly situated Drivers, bring their unpaid overtime claims as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. *et seq.*

38.     Ransom and Rush are similarly situated to other of Defendant's drivers in

5

that they are all subject to Defendant's uniform work rules, time-keeping policies, and unlawful pay practices.

39.     Defendant knew that Plaintiffs and other similarly situated Drivers performed work that required additional wages and overtime compensation be paid. Nonetheless, Defendants operated under a scheme, as described above, to deprive Plaintiffs and all other employees similarly situated of overtime compensation.

40.     Defendant's failure to pay overtime compensation as required by the FLSA results from a decision, policy and/or practice applicable to Plaintiffs and all other similarly situated drivers.    Application of this policy or practice does not depend on the personal circumstances of the Plaintiffs or those joining this lawsuit.    Rather, the same decision, policy and/or practice that resulted in the non-payment of overtime to Plaintiffs applied to all current and former Drivers employed by Defendant.    Accordingly, the class is properly defined as:

**All current and former employees of Defendant who were employed as drivers or their functional equivalents at any time during the three year period preceding the filing of the Complaint in this action.**

41.     Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs and all current and former drivers.

## CLASS ACTION ALLEGATIONS

42.     Rush, on behalf of himself and on behalf of all other similarly situated Drivers, brings a Class Action against Defendant pursuant to the Federal Rules of Civil Procedure, Rule 23, for violation of the Indiana Wage Payment Statute, I.C. § 22-2-5-1 *et seq.* and I.C. §22-2-6-1 *et seq.*

6

43.     The claims arising under Indiana state law are properly maintainable as a class action under Federal Rule of Civil Procedure 23.

44.     The class action is maintainable under subsections (1), (2), and (3) of Rule 23(b).

45.     The class (hereinafter referred to as those individuals "similarly situated" or "class members") consists of:

(i) individuals who currently are employed by Defendant or who voluntarily separated their employment with Defendant;

(ii) who held the position of driver;

(iii) anytime during the two year period preceding the filing of this Complaint; and

(iv) who were subjected to Defendant's policies or practices of making deductions from Drivers' pay for "fuel surcharges" or refusing to pay Drivers their hourly rate for their "hold time".

46.     The class size is believed to be in excess of 25 employees, and thus the class is so numerous that joinder of all members is impracticable.

47.     Rush will adequately represent the interests of the class members because he is similarly situated to the class members and his claims are typical of, and concurrent to, the claims of other class members.

48.     There are no known conflicts of interest between Rush and the other class members.

49.     The class counsel, Gibbons Legal Group, P.C., is qualified and able to litigate the class members' claims.

50.     Gibbons Legal Group, P.C. concentrates its practice in employment litigation, and its attorneys are experienced in litigating multi-plaintiff cases arising under federal and state wage and hour laws.

51.     Common questions of law and fact predominate in this action because the class members are all subject to the same decision, policy and/or practice of whereby Defendant deducted "fuel surcharges" and failed to pay Drivers hourly for their waiting time, and the legal claims of all class members are based on whether Defendants' policy and practice violates the Indiana Wage Payment Statute, I.C. § 22-2-5-1 *et seq.* and the Indiana Wage Deductions Statute, I.C. §22-2-6-1 *et seq.*

52.     The class is maintainable under subsection (1) of Fed. R. Civ. P. 23(b) because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying outcomes in the cases and/or outcomes for individual litigants that would have bearing on all of the other individuals in the group.

53.     The class action is maintainable under subsections (2) and (3) of Fed. R. Civ. P. 23(b) because Rush seeks injunctive relief with respect to the class as a whole, common questions of law and fact predominate among the class members, and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT ONE:   FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT (OVERTIME COLLECTIVE ACTION)

54.     Plaintiffs hereby incorporate by reference paragraphs 1 – 53 of their Complaint.

55.     During the relevant time period, Defendant has violated and is violating the provisions of Sections 7 of the FLSA, 29 U.S.C. § 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than forty hours without compensating these employees for their employment in excess of forty hours per week at rates no less than one and one-half the regular rates for which they were employed.   Defendant has acted willfully in failing to pay Plaintiffs, and those similarly situated, in accordance with the law.

## COUNT TWO:   FAILURE TO PAY WAGES IN
## ACCORDANCE WITH INDIANA CODE §§22-2-5 *et. seq.* and *I.C. §22-2-6-1 et seq.*
## (CLASS ACTION)

56.     Rush hereby incorporates by reference paragraphs 1-50 of the Complaint.

57.     During the relevant time period, Defendant has violated and is violating the provisions of Indiana Code §22-2-5 *et. seq.* and I.C. §22-2-6-1 *et seq.* by making unlawful deductions from the wages earned by Rush and those similarly situated. Defendant has also violated Indiana Code §22-2-5 *et. seq.* by failing to pay Rush and those similarly situated their agreed upon hourly rate for their "hold time."   Defendant has acted in bad faith in failing to pay Rush, and those similarly situated, in accordance with the law.

## COUNT THREE:   FAILURE TO PAY WAGES IN
## ACCORDANCE WITH INDIANA CODE §§22-2-9 *et. seq.* and *I.C. §22-2-6-1 et seq.*
## (RANSOM'S INDIVIDUAL ACTION)

58.     Ransom hereby incorporates by reference paragraphs 1 – 57 of the Complaint.

59.     During the relevant time period, Defendant has violated and is violating the

provisions of Indiana Code §22-2-9 *et. seq.* and I.C. §22-2-6-1 *et seq.* by making unlawful "fuel surcharge" and damage deductions from the wages earned by Ransom. Defendant has also violated Indiana Code §22-2-9 *et. seq.* by failing to pay Ransom all his earned wages and by refusing to pay Ransom his final paycheck. Defendant has acted in bad faith in failing to pay Ransom in accordance with the law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, demand judgment against Defendant in their favor and request that the Court grant the following relief:

a) Order the Defendant to file with this Court and furnish to class counsel a list of all names, telephone numbers, home addresses and email addresses of all Drivers (or any other similarly titled position) who have worked for Defendant within the last three years;

b) Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all Drivers (or any other similarly titled position) who have worked for the Defendant within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of regular wages and overtime compensation, as required by the FLSA;

c) Certify a class for Count Two;

d) Appoint Gibbons Legal Group, P.C. as counsel for the Plaintiffs;

e) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiffs (and those who have joined in the suit) and

for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

f) An Order pursuant to Indiana Code §22-2-5 *et. seq*. and I.C. §22-2-6-1 *et. seq.* finding Defendant liable for all unpaid wages due to Plaintiffs and class members, plus payment of liquidated damages;

g) An Order pursuant to Indiana Code §22-2-9 *et. seq.* and I.C. §22-2-6-1 *et. seq.* finding Defendant liable for all unpaid wages due to Ransom, plus payment of liquidated damages;

h) An Order awarding the costs of this action;

i) An Order awarding reasonable attorneys' fees;

j) An Order preliminarily and permanently restraining Defendant from engaging in the aforementioned state law pay violations;

k) A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

l) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

m) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Robert J. Hunt
Robert J. Hunt (#30686-49)

s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr. (#19353-49)

GIBBONS LEGAL GROUP, P.C.

3091 E. 98th St.
Indianapolis, Indiana 46280
Telephone:    (317) 706-1100
Facsimile:      (317) 623-8503
E-Mail: rob@gibbonslegalgroup.com
             phil@gibbonslegalgroup.com